UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CIVIL ACTION NO. 5:19-cv-00125-TBR

JACKSON PURCHASE ENERGY CORPORATION and
WEST KENTUCKY RURAL ELECTRIC COOPERATIVE
CORPORATION                                                                                       PLAINTIFFS

v.

MARSHALL COUNTY, KENTUCKY, et al.                                          DEFENDANTS

## ANSWER TO PLAINTIFFS' AMENDED COMPLAINT

Defendants, Marshall County, Kentucky; Marshall County Fiscal Court; Kevin Neal, in his official capacity as Marshall County Judge Executive; and Justin Lamb, Kevin Spraggs, and Monti Collins, in their respective official capacities as Marshall County Commissioners (collectively the "Defendants"), by counsel, state as follows for their Answer to Plaintiffs' Amended Complaint.

### FIRST DEFENSE

The Amended Complaint fails to state a claim upon which relief can be granted and should be dismissed with prejudice.

### SECOND DEFENSE

The Plaintiffs are not entitled to equitable relief insofar as the Plaintiffs have adequate remedies at law.

### THIRD DEFENSE

1.     The allegations set forth in paragraphs 1, 10, 11, 12, 13, 17, 22, 23, 26, 30, 85, 89, 107, 120, and 165 of the Amended Complaint are statements of law that do not contain any

statements of fact that require a specific response. To the extent that such are deemed to be statements of fact, they are denied.

2. Defendants deny the allegations set forth in paragraphs 2, 3, 4, 5, 7, 9, 37, 64, 76, 78, 79, 80, 86, 87, 88, 90, 97, 98, 108, 109, 110, 111, 121, 122, 123, 124, 132, 134, 137, 138, 139, 145, 146, 153, 155, 156, 161, 166, 167, 168, 174, 175, 176, 177, 183, 184, 186, 187, 192, and 193 of the Amended Complaint.

3. Defendants lack sufficient knowledge or information to admit or deny the allegations set forth in paragraphs 6, 29, and 61 of the Amended Complaint and therefore deny same.

4. In response to the allegations set forth in paragraphs 8, 32, 33, 34, 35, 36, 38, 44, 45, 48, 50, 51, 52, 53, 54, 55, 56, 57, 58, 59, 60, 63, 67, 68, 69, 71, 72, 73, 74, 75, 82, 83, 84, 92, 93, 94, 95, 96, 100, 101, 102, 103, 104, 105, 113, 114, 115, 116, 117, 118, 126, 127, 128, 129, 130, 131, 133, 141, 142, 143, 144, 148, 149, 150, 151, 152, 154, 158, 159, 160, 163, 164, 171, 172, 173, 179, 180, 181, 182, 185, 189, 190, and 191 of the Amended Complaint, Defendants state that the statutes, opinions, documents, and publications cited therein speak for themselves and are the best evidence of their contents and deny any allegations inconsistent therewith.

5. Upon information and belief, Defendants admit the allegations set forth in paragraphs 14, 15, 24, 25, 27, 28, 47, and 170 of the Amended Complaint.

6. Defendants admit the allegations set forth in paragraphs 16, 18, 19, 20, 21, 31, 39, 41, 42, 43, 46, 65, 66, and 70 of the Amended Complaint.

7. In response to the allegations set forth in paragraphs 81, 91, 99, 112, 125, 140, 147, 157, 162, 169, 178, and 188 of the Amended Complaint, Defendants incorporate and re-allege their responses set forth above.

8. In response to the allegations set forth in paragraph 40 of the Amended Complaint, the Defendants admit the second reading of Ordinance 2019-09 occurred on August 26, 2019, and that the fee imposed by that Ordinance was "$7.00 per month per active residential and commercial electric meter." The Defendants further state that the publication cited therein speaks for itself and is the best evidence of its contents and deny any allegations inconsistent therewith.

9. In response to the allegations set forth in paragraph 49 of the Amended Complaint, Defendants admit that the first reading of Ordinance 2019-12 occurred at the October 16, 2019, regular session of the Marshall County Fiscal Court. The Defendants further state that the Ordinance cited therein speaks for itself and is the best evidence of its contents and deny any allegations inconsistent therewith.

10. In response to the allegations set forth in paragraph 62 of the Amended Complaint, Defendants state that the publication cited therein speaks for itself and is the best evidence of its contents and deny any allegations inconsistent therewith; Defendants specifically deny that the Plaintiff published the Ordinance.

11. In response to the allegations set forth in paragraphs 77 of the Amended Complaint, Defendants state that the Ordinance and ruling cited therein speak for themselves and are the best evidence of their contents and deny any allegations inconsistent therewith. Defendants deny the remaining allegations set forth in paragraph 77 of the Amended Complaint.

12. In response to the allegations set forth in paragraphs 106 and 119 of the Amended Complaint, Defendants admit they had been provided a copy of the TVA letter at the time of the passage of Ordinance 2019-12 and deny the remaining allegations set forth therein.

13. In response to the allegations set forth in paragraphs 135 and 136 of the Amended Complaint, Defendants state that the regulatory mandate cited therein speaks for itself and is the

best evidence of its contents and deny any allegations inconsistent therewith. Defendants deny the remaining allegations set forth in paragraphs 135 and 136 of the Amended Complaint.

14. Defendants deny each and every other allegation that is not specifically admitted herein.

## **FOURTH DEFENSE**

The Amended Complaint is barred by the doctrines of sovereign immunity, absolute immunity, qualified immunity, governmental immunity, official immunity, legislative immunity, and where applicable, immunity provided by the 11th Amendment to the United States Constitution.

## **FIFTH DEFENSE**

At all times relevant herein, Defendants acted in accordance with the letter and spirit of and substantially complied with all applicable common law, statutes, regulations, and Constitutions of the Commonwealth of Kentucky and the United States of America, and these Defendants rely upon same as a complete bar to all claims of the Plaintiffs herein.

## **SIXTH DEFENSE**

At all times relevant herein, Defendants followed all applicable policies and procedures, and Defendants rely upon same as a complete bar to all claims of the Plaintiffs herein.

## **SEVENTH DEFENSE**

The Plaintiffs' claims are barred by their failure to join indispensable parties.

## **EIGHTH DEFENSE**

The Plaintiffs' claims are barred or precluded, in whole or in part, by application of the doctrines of abstention and failure to exhaust administrative remedies.

**NINTH DEFENSE**

Counts 1 and 9 of the Plaintiffs' Amended Complaint (Takings Claim – United States Constitution and Takings Claim – Kentucky Constitution) should be dismissed because they are not ripe.

**TENTH DEFENSE**

Count 4 of the Plaintiffs' Amended Complaint (Equal Protection Clause – United States Constitution) should be dismissed for lack of standing.

**ELEVENTH DEFENSE**

The Plaintiffs' Amended Complaint and claims therein are subject to all appropriate statutes of limitation.

**TWELFTH DEFENSE**

Defendants reserve the right to assert any and all affirmative defenses that arise or become known to them through the course of discovery, and Defendants incorporate by reference and adopt as part of their Answer all appropriate defenses set forth in Civil Rules 8 and 12 insofar as such defenses are appropriate.

WHEREFORE, Defendants respectfully request as follows:

1. That the Amended Complaint against them be dismissed with prejudice and held for naught;

2. That they be awarded their reasonable attorney's fees and costs herein expended; and

3. That they be granted any and all other relief, whether in law or equity, to which they may reasonably appear entitled.

Respectfully submitted,

/s/ D. Barry Stilz
D. Barry Stilz
Lynn Sowards Zellen
Kinkead & Stilz, PLLC
301 E Main Street, Suite 800
Lexington, KY 40507
Telephone: (859) 296-2300
Facsimile: (859) 296-2566
bstilz@ksattorneys.com
lzellen@ksattorneys.com
*Counsel for Defendants*

### CERTIFICATE OF SERVICE

I certify that true and correct copies of the foregoing have been served by CM/ECF on this the 16th day of January, 2020, on counsel of record for all parties.

/s/ D. Barry Stilz
*Counsel for Defendants*